UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **Kimberly Boyd** | : | Civil Action No: 2:17-cv-320 |
| 7378 Fairfield Lakes Drive | : | |
| Powell, OH 43065 | : | Judge: |
| And | : | |
| **Terry Bacus, Jr** | : | |
| 8006 Bridge Crossing Court | : | |
| Powell, OH 43065 | : | |
| *on behalf of themselves and all others similarly situated,* | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| **Robin Strohm** | : | |
| Two Miranova Place, Suite 380 | : | |
| Columbus, OH 43215 | : | |
| and | : | **CLASS ACTION COMPLAINT** |
| **Williams & Strohm, LLC** | : | |
| Two Miranova Place, Suite 380 | : | |
| Columbus, OH 43215 | : | |
| | : | |
| Defendants | : | **JURY TRIAL DEMANDED** |
| | : | |

## CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL CONSUMER PROTECTION STATUTES

For their Class Action Complaint, Plaintiffs, Kimberly Boyd and Terry Bacus, Jr, by and through undersigned counsel, pleading on their own and on behalf of all others similarly situated, state the following:

### JURISDICTION

1. Plaintiffs ("Plaintiffs") file this Class Action Complaint ("Complaint") seeking redress for the unlawful, predatory consumer debt collection practices engaged in by Defendants, Robin Strohm ("Strohm") and Williams & Strohm, LLC ("Williams & Strohm"). Defendants conduct their debt collection business in flagrant violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") by systematically and uniformly overshadowing consumers' rights to dispute

their debt or seek validation thereof, rights guaranteed by 15 U.S.C. § 1692g(b) and by failing to include required language in 15 U.S.C. § 1692e(11) in their written communications.

2. This court has federal question jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, because the claims alleged against Defendants are brought pursuant to the FDCPA.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff Kimberly Boyd is an adult individual residing in Powell, Ohio situated in Delaware County and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) in that the alleged debt that Defendants sought to collect from her was originally incurred, if at all, for personal, family or household purposes and are therefore consumer debts within the meaning of 15 U.S.C. § 1692a(5).

5. Plaintiff Terry Bacus Jr. is an adult individual residing in Powell, Ohio situated in Delaware County and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) in that the alleged debt that Defendants sought to collect from him was originally incurred, if at all, for personal, family or household purposes and are therefore consumer debts within the meaning of 15 U.S.C. § 1692a(5).

6. Defendant Robin Strohm, is an attorney who regularly collects debts for others in the State of Ohio.

7. For instance, in Franklin County alone, from April 1, 2016 to the date of filing of this Complaint Robin Strohm has served as plaintiff counsel in over 100 lawsuits to foreclose on or collect past due debts.

8. As such, Robin Strohm is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

9. Defendant Williams & Strohm is a Limited Liability Company created in the State of Ohio in 2010 with principal place of business at Two Miranova Place, Suite 380, Columbus, Ohio.

10. Attorneys and employees for Williams & Strohm represent a large number of condominium associations and homeowner associations across the State of Ohio.  A regular part of their representation includes collecting delinquent dues owed to the individual associations.  Williams & Strohm attorneys have served as Plaintiff counsel for lawsuits seeking to foreclose on or recover past due debts in hundreds of lawsuits in the year preceding the filing of this Complaint.

11. As such, Defendant Williams & Strohm is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

12. Each Defendant is individually liable for the alleged violations of the FDCPA asserted herein.

## STATEMENT OF FACTS

13. Plaintiffs own residential property which is part of a planned community.  Ownership entitles each Plaintiff to be a member in an association which governs the community.  In accordance with the planned community bylaws, Plaintiff was required to make a payment to the association.  The association uses the dues for the benefit of the Member's properties.

14. Plaintiffs failed to make timely payment to The Association for the dues.

15. Thereafter, Robin Strohm of Williams & Strohm sent to each Plaintiff a collection letter in an attempt to collect the past due association fees.  A copy of the Letter sent to Plaintiff Boyd is attached to and made part of this Complaint as Exhibit "A".

16. An affidavit attached to and made part of this Complaint as Exhibit "B" contains a statement by Plaintiff Bacus that he received a letter which contained identical language to that which gives rise to this action.

**The Unlawful Collection Letter**

17. Dated April 15, 2016 the letter addressed "Dear Owner", was sent to Plaintiffs from the office of Williams & Strohm and purportedly signed by Defendant Robin Strohm.  The letter informed Plaintiff that a lien had been recorded against their property and a copy of the recorded lien was included.

18. In bold print the letter stated:

    **Unless your account is paid in full to Scioto Reserve Master Association, Inc., c/o Real Property Management, Inc., P.O. Box 105770,  Atlanta GA 30348, within (30) days of receipt of this letter, the recorded lien enclosed may be foreclosed under Ohio law, and the property could be sold at Sheriff's Sale.  This will be your last warning before foreclosure is commenced.  A foreclosure will add approximately $1,500.00 to your account in court costs, title charges and attorney fees.**

    Exhibit "A" (emphasis in original)

19. The letter concluded with a notice:

    **NOTICE:** Unless you dispute the validity of this debt or any portion thereof within (30) days after your receipt of this letter, then we will assume that the debt is valid.  If you dispute the validity of this debt, or any portion thereof, and if you so advise us in writing within thirty (30) days of your receipt of this letter, then we will obtain verification of this debt and mail a copy of such verification to you.  Any information we obtain in this matter will be used for the purpose of collecting the debt owed.

    Exhibit "A" (emphasis in original)

**The Letter Misleads Consumers and is Deceptive**

20. The section of the Letter restated in paragraph 14 above provides only one option for the debtor to avoid foreclosure and additional fees, pay the account in full within 30 days.  This statement overshadows and is inconsistent with the consumer's actual rights under the FDCPA as contained in 15 U.S.C. § 1692g(b), specifically the consumer's right to request validation of the debt in writing thereby forcing the Defendant to cease all collection activity until written verification of the debt has been mailed to the consumer.

21. The Letter only provides payment option by mail, and the consumer would be required to mail the payment days before the deadline in order to reach its destination in Georgia.

22. This timeline which is essentially less than 30 days, overshadows and is inconsistent with the consumer's actual rights under the FDCPA as contained in 15 U.S.C. § 1692g(b), which allow a consumer up to a full 30 days from receipt of the Letter to request validation of the debt.

23. The threatening language contained in bold and in the body of the Letter and restated in paragraph 14 above "your last warning before foreclosure is commenced", overshadows the consumer's actual rights which are restated, in regular font, at the bottom of the Letter after the Defendant Strohm's signature.

24. The Letter, from a law firm and signed by an attorney, contains a legal disclosure of rights. The consumer would feel more intimidated by this Letter than a letter from a non-attorney debt collection agency.

25. Further, the Letter fails to identify the sender as a "debt collector", a phrase which consumers recognize and associate with consumer protection statutes such as the FDCPA. The omission of such phrasing causes the consumer to question whether such rights are available.

26. Under the FDCPA, attorney debt collectors warrant closer scrutiny because their abusive collection practices "are more egregious than those of lay collectors." Crossley v. Lieberman, 868 F.2d 566, 570 (3d Cir. 1989)

27. The Letter is an example of form letters, substantially similar to numerous letters sent to consumers across Ohio.

## CLASS ACTION ALLEGATIONS

28. Plaintiffs bring this case as a class action pursuant to Rules 23of the Federal Rules of Civil Procedure on behalf of themselves and all others similarly situated.

### The Class

29. Plaintiffs seek to represent a class defined as:

> **All consumers in the State of Ohio who were sent a letter in substantially the same form as the Letter by or on behalf of Defendants, within one year prior to the filing of this action and which was not returned as undeliverable.**

### A.     Numerosity

30. The Letters are mailed form letters.  Therefore, the members of the class are believed to be so numerous that joinder of all members is impractical.

31. Upon information and belief, Defendants sent or caused to be sent thousands of similar deceptive Letters to consumers.

32. The exact numbers and identities of class members are unknown at this time and can only be ascertained through discovery. Identification of the class members is a matter capable of ministerial determination from Defendants' records.

33. Plaintiffs reasonably believe that there are thousands of consumers who are members of the class.

### B.     Common Questions of Law and Fact

34. There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual class members.

35. The questions of law and fact common to the Class concern whether Defendants' practice of transmitting communications to consumers in the form of the Letter constitutes conduct which violates Sections 807 and 809 of the FDCPA.

36. The following questions of law and fact common to the Class members are ripe for determination and are raised herein:

    a. Did Defendants violate 15 U.S.C. §1692g(b) by engaging in conduct that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt or request validation of the debt?

    b. Did Defendants violate 15 U.S.C. §1692e(11) by failing to disclose Defendants' status as a debt collector?

**C.     Typicality**

37. Plaintiffs' claims are typical of the claims of the class members' since each of the claims arises from receipt of a letter substantially similar to the Letter sent to them by Defendants.

**D.     Protecting the Interests of the Class Members**

38. Plaintiff will fairly and adequately represent the class members' interests, all of whom are victims of Defendants' unlawful and wrongful conduct.

39. All of the class members' claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

40. Plaintiff has retained counsel experienced in bringing class actions and debt collection abuse claims and who stands ready, willing and able to represent the class.

**E.     Proceeding Via Class Action is Superior and Advisable**

41. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Congress specifically provided, at 15 U.S.C. 1692k, for the commencement of class actions as a principal means of enforcing the FDCPA.

42. Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

43. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

44. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

45. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendants and other debt collectors.  Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

46. The of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiff and the other members of the Class.

**COUNT I**

**Violations of the FDCPA Section 809(b), 15 U.S.C§1692g(b) by Overshadowing the Right to Dispute a Debt**

47. Each every allegation contained in paragraphs 1 through 42 of this Complaint is repeated, realleged and incorporated herein by reference.

48. FDCPA, 15 U.S.C. § 1692g, provides in relevant part:

   a. Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

****

   i. a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
   ii. a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

   b. Disputed debts

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

49. The Letter overshadows the disclosure of the consumer's rights to dispute the date and therefore violates 15 U.S.C. § 1692g(b).

50. By virtue of the foregoing, Plaintiff is entitled to recover damages as prayed for herein.

## COUNT II

**Violations of the FDCPA Section 807(11), 15 U.S.C§1692e by failing to disclose Defendants' status as a Debt Collector**

51. FDCPA, 15 U.S.C. § 1692g(11), provides in relevant part:

The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

52. The Letter fails to identify the sender as a debt collector, thereby failing to comply with the strict requirements of 15 U.S.C. § 1692g(11).

53. By virtue of the foregoing, Plaintiff is entitled to recover damages as prayed for herein.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff asks that this Court enter judgment in their favor and in favor of the members of the class and against Defendants, as follows:

    A) Awarding statutory damages as provided under the FDCPA, pursuant to 15 U.S.C.§ 1692k;

    B) Awarding reasonable attorney fees, litigation expenses and costs incurred pursuant to 15 U.S.C. § 1692(k)(3);

    C) Granting such other and further relief this Court deems just and appropriate.

Dated: April 14, 2017

                                        Respectfully submitted,

                                        By  */s/ Matthew A Schwartz*
                                        Matthew A. Schwartz (0079453)
                                        The Law Office of Matthew A. Schwartz
                                        230 Durand St
                                        Pickerington, OH 43147
                                        (614) 949-9749
                                        MSchwartzLaw@Gmail.com


                                        Herbert Nelson Strayer, Jr (0075854)
                                        Strayer Legal
                                        7240 Muirfield Dr., Ste. 120
                                        Dublin, OH 43017
                                        Tel: 614-378-2262
                                        Fax: 614-372-8775
                                        hstrayer@strayerlegal.com
                                        Co-counsel for Plaintiffs

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 14, 2017

        Respectfully submitted,

        By  */s/ Matthew A Schwartz*
        Matthew A. Schwartz (0079453)
        The Law Office of Matthew A. Schwartz
        230 Durand St
        Pickerington, OH 43147
        (614) 949-9749
        MSchwartzLaw@Gmail.com


        Herbert Nelson Strayer, Jr (0075854)
        Strayer Legal
        7240 Muirfield Dr., Ste. 120
        Dublin, OH 43017
        Tel: 614-378-2262
        Fax: 614-372-8775
        hstrayer@strayerlegal.com
        Co-counsel for Plaintiffs